United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40091
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO FELIX RODRIGUEZ-PECINA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-1492-ALL)
--------------------

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Alejandro Felix Rodriguez-Pecina
("Rodriguez-Pecina") appeals his conviction and sentence for
illegal reentry after a previous deportation. Rodriguez-Pecina
argues that the district court reversibly erred under United States
v. Booker, 125 S. Ct. 738 (2005), by sentencing him pursuant to a
mandatory application of the sentencing guidelines.

There was no "Booker" error or Sixth Amendment violation
because the only enhancement to Rodriguez-Pecina's sentence was for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his prior conviction.  See Booker, 125 S. Ct. at 756, 769. Nevertheless, the district court committed "Fanfan" error by sentencing Rodriguez-Pecina pursuant to a mandatory guidelines system.  See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005).  A Fanfan error is not structural error.  See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005).  The government concedes that Rodriguez-Pecina preserved his Fanfan claim, so we review the claim for harmless error.  See Walters, 418 F.3d at 464.  There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory.  Accordingly, we vacate the sentence and remand for resentencing in accordance with Booker.

Rodriguez-Pecina also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Rodriguez-Pecina's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Rodriguez-Pecina contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Rodriguez-Pecina properly

2

concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Rodriguez-Pecina's conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.